UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER FRANCOIS,

*Plaintiff,*

– against –

RASHAN GREEN, IMPERIAL BAG &
PAPER CO., LLC,

*Defendants.*

**MEMORANDUM & ORDER**
25-cv-01758 (NCM) (JRC)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Peter Francois moves to remand this case to New York state court under 28 U.S.C. § 1447 on the ground that the case was removed to federal court after the expiration of the one-year deadline specified in 28 U.S.C. § 1446(c)(1). For the reasons stated below, the Court finds that the case was removed after the one-year deadline and that the statutory exception to the deadline does not apply. Plaintiff's motion to remand is accordingly **GRANTED**.

### BACKGROUND

On April 19, 2023, plaintiff filed an action against defendants Rashan Green and Imperial Bag & Paper Co., LLC in the Supreme Court of the State of New York, Kings County concerning an automobile accident. *See* Notice of Removal Ex. A ("State Ct. Docs.") at 2–10 , ECF No. 1-1.[1] Plaintiff served the summons and complaint on defendants on Monday, June 19, 2023. *See* State Ct. Docs. 11–12. The parties stipulated to extend the time to serve responsive pleadings to January 22, 2024 and then again to February 9, 2024. *See*

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

State Ct. Docs. 13–14. On February 9, 2024, defendants filed an answer, a demand for a bill of particulars, discovery demands, and a notice to take plaintiff's deposition. *See* State Ct. Docs. 15–34. The discovery demands included a "demand for ad damnum," which stated that "[p]ursuant to CPLR § 3017(c)" plaintiff was to produce "the following information . . . within fifteen (15) days of this demand: [t]he total damages to which [p]laintiff deems he is entitled to in this action in lieu of [p]laintiff having not set forth an ad damnum amount in his Verified Complaint." *See* State Ct. Docs. 32.[2]

Plaintiff did not respond within 15 days, and on April 2, 2024, defense counsel sent plaintiff's counsel a letter noting that defendants had served discovery demands on February 9 and stating that "[t]o date, we are not in receipt of responses to these initial demands for discovery." State Ct. Docs. 44. The letter also stated that the letter "serves as this office's good faith effort to obtain responses" and requested that plaintiff's counsel "contact our office to schedule a telephone conference to discuss the issues raised in this letter, or please provide complete responses within twenty days to avoid the necessity of judicial intervention." State Ct. Docs. 44. Plaintiff again did not respond, and defendants subsequently sent similar letters requesting a response on May 6, 2024, June 28, 2024, July 29, 2024, and September 4, 2024. State Ct. Docs. 46–49.

On August 14, 2024, defendants requested that the state court hold a preliminary conference. *See* State Ct. Docs. 35–36. On October 18, 2024, the state court issued a case

---

[2]    Section 3017(c) of the New York Civil Practice Law and Rules states: "[i]n an action to recover damages for personal injuries . . . , the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. . . . Provided, however, that [defendant] may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served."

scheduling order. *See* State Ct. Docs. 37–42. As part of that order, the parties were ordered to exchange authorizations for medical and financial records by November 13, 2024 and bills of particulars by November 27, 2024. State Ct. Docs. 38. On December 11, 2024, defendants sent plaintiff a sixth letter again requesting discovery responses. State Ct. Docs. 43. On February 11, 2025, defendants filed a motion to compel discovery. State Ct. Docs. 67–105. On March 4, 2025, plaintiff filed a bill of particulars and a response to defendants' discovery demands. State Ct. Docs. 106–20. The response to discovery demands stated, for the first time, the amount of damages that plaintiff was seeking: one million dollars. State Ct. Docs. 119. On March 13, 2025, the parties filed a stipulation to withdraw the motion to compel discovery.  State Ct. Docs. 121.

On March 31, 2025, one year, eleven months, and twelve days after the action was filed, defendants filed a notice of removal to the U.S. District Court for the Eastern District of New York. *See* Notice of Removal, ECF No. 1. On February 6, 2026, plaintiff filed the instant motion to remand. *See* Mem. of Law in Supp. of Mot. to Remand ("Mot."), ECF No. 19-1. Defendants filed an opposition, *see* Mem. of Law in Opp'n ("Opp'n"), ECF No. 22-7, and plaintiff filed a reply, *see* Mem. of Law in Further Supp. of Mot. to Remand ("Reply"), ECF No. 23.

## LEGAL STANDARD

A defendant sued in state court may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).[3]

---

[3]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

"[S]tatutory procedures for removal are to be strictly construed," and federal courts must "resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (first quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); and then quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

## DISCUSSION

Plaintiff argues that defendants' removal of this action is untimely because the notice of removal was filed more than one year after the action was commenced. Mot. 4–5. In general, a notice of removal must be filed within 30 days after defendant receives the initial pleading or summons. 28 U.S.C. § 1446(b)(1). In the event that the "case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The statute also specifies that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Moreover, "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall

be deemed bad faith" for purposes of the exception to the 1-year requirement. 28 U.S.C. § 1446(c)(3)(B).

In the instant case, the parties do not dispute that the state case commenced on April 19, 2023, that the initial pleading did not specify whether plaintiff sought more than $75,000 in damages, and that plaintiff first informed defendants of the specific amount of damages sought on March 4, 2025, after the 1-year deadline for removal had passed. *See* Mot.; Opp'n. The sole issue that the parties dispute is whether "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(3)(B). If so, that would constitute bad faith and excuse the belated removal; if not, defendants missed the window to remove and the case must be remanded.

"Courts in this Circuit have found bad faith warranting an extension of the removal clock where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Alvarez v. A. Duie Pyle, Inc.*, No. 25-cv-05277, 2025 WL 2841713, at \*3 (E.D.N.Y. Oct. 7, 2025) (quoting *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 151–52 (E.D.N.Y. 2025)). "[T]he defendant bears the burden of proving a plaintiff's bad faith conduct by clear and convincing evidence." *Id.* (quoting *Elliott*, 777 F. Supp. 3d at 152). "The bad faith exception is not available where the plaintiff's actions do not evince a specific desire to prevent removal, and courts have declined to infer strategic conduct and excuse for untimely removal where plaintiffs have failed to answer multiple requests for damages." *Id.*

Defendants' sole argument for bad faith is that, prior to the expiration of the one-year deadline, defendants requested that plaintiff promptly specify the amount of damages, but plaintiff did not actually provide the information for many months and not until after defendants filed a motion to compel. Opp'n 6–7. Specifically, defendants

requested the exact amount of damages sought in their February 9, 2024 discovery demands and requested that plaintiff respond within 15 days. State Ct. Docs. 32; Opp'n 6.[4] Moreover, on April 2, 2024, defense counsel sent plaintiff's counsel a letter following up and requesting that the information be provided within 20 days. State Ct. Docs. 44; Opp'n 6.

The Court finds that defendants have failed to establish that "plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal" or otherwise "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). To start, while plaintiff did not include a specific damage amount in the complaint, this omission was consistent with N.Y. C.P.L.R. 3017(c), which states that "[i]n an action to recover damages for personal injuries . . . , the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."

Following service of the complaint, defendants did not demand that plaintiff provide a specific amount of damages until February 9, 2024, just ten weeks before the expiration of the one-year removal deadline. When plaintiff did not provide the information by the original requested date of February 24, 2024, defendants waited 38 days to send a follow-up request. Moreover, the follow-up request that defendants finally sent was transmitted on April 2, 2024 and asked plaintiff to "provide complete responses within twenty days." State Ct. Docs 44. That means that plaintiff could have complied with defendants' April 2, 2024 letter *within* the requested timeframe (*e.g.* on April 22, 2024) and it still would have been too late for defendants to remove the case. Overall, without

---

[4]    The Opposition states that the discovery demands were filed on February 4, 2024, Opp'n 6, but the document itself reflects the date February 9, 2026, *see* State Ct. Docs. 32.

any further evidence showing bad faith or intent to manipulate the deadline, the Court is not persuaded that plaintiff's lack of response to defendants' February 9, 2024 discovery demand by April 19, 2024 constitutes "deliberately fail[ing] to disclose the actual amount in controversy to prevent removal." That is particularly true given that defendants never sought judicial intervention to ensure that they would receive the necessary information prior to April 19, 2024. Rather, defendants merely sent a follow-up letter that, even if fully complied with, might not have procured the relevant information in time. Defendants' showing falls far short of the "clear and convincing evidence" necessary to establish plaintiff's bad faith. *Alvarez*, 2025 WL 2841713, at *3.

This conclusion is consistent with how other courts within the Eastern District of New York have construed the bad faith requirement. For example, in *Schabhuttl v. BJ's Membership Club*, the Court noted that "delay alone is insufficient to show bad faith." No. 23-cv-00782, 2023 WL 3180379, at *3 (E.D.N.Y. May 1, 2023) (citing *Kozlova v. Whole Foods Mkt. Grp.*, No. 20-cv-06025, 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021)). Moreover, in *Alvarez*, the court reasoned that "it is for the state court to address discovery neglect, and it is incumbent on a defendant to get that issue resolved within the one-year period for diversity removal that Congress has allowed." 2025 WL 2841713, at *4; *see also Elome v. SVA Trucking LLC*, No. 21-cv-05241, 2021 WL 4480456, at *3 (E.D.N.Y. Sept. 30, 2021) ("[I]t remains defendants' responsibility to obtain the necessary information to remove a case within one year from the commencement of the state court action.").

Defendants note that they repeatedly reached out to plaintiff in good faith to attempt to get this information, but *Alvarez* also explains why this argument is insufficient. Even recognizing defendants' repeated efforts to obtain a response from

plaintiff, before and after the one-year deadline, this does not establish a deliberate strategy by plaintiff to prevent removal, rather than just extraordinarily slow lawyering. *See Alvarez*, 2025 WL 2841713, at *4 ("Defendants emphasize that their 'good faith' efforts to reach plaintiffs were left unreciprocated, but that is immaterial. It is not defendants' good faith that is at issue, but plaintiffs'. Bad lawyering and neglect are not the same as a deliberate scheme to evade the one-year removal period, and the statute requires the latter."). Defendants have not given the Court any reason to believe that plaintiff engaged in a "deliberate scheme to evade the one-year removal period" aside from the single fact that they did not promptly voluntarily comply with a discovery demand.

Moreover, defendants bear responsibility for their inability to meet the one-year deadline. Defendants were served with the summons and complaint on June 19, 2023 and voluntarily chose to delay filing an answer and discovery demands until February 9, 2024, a period of nearly seven months. By waiting this long, defendants ran the risk that they would come up against the one-year removal deadline before determining the amount in controversy. Moreover, as the April 19, 2024 deadline approached, defendants could have requested that the state court order plaintiff to provide the amount of damages before the deadline passed. Instead, defendants declined to employ this available avenue until February 2025, after it was far too late. *See id.* at *1.

Defendants' citation of *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34 (2d. Cir. 2010) and *Cutrone v. Mortgage Elec. Registration Sys.*, 749 F.3d 137 (2d Cir. 2014) does not move the needle. *See* Opp'n 5, 9–10. Defendants quote language from *Moltner* that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought" and on that basis defendants imply that the one-year period did not begin running until plaintiff provided a

8

damages figure in March 2025, long after the commencement of the suit. Opp'n 9–10 (quoting *Moltner*, 624 F.3d at 38). However, *Moltner* was discussing a separate 30-day removal clock in 28 U.S.C. § 1446(b), not the bottom-line one-year limit in 28 U.S.C. § 1446(c)(1). *Moltner*, 624 F.3d at 38 (discussing the "thirty-day time limit of section 1446(b)"). Moreover, *Moltner* was interpreting a prior version of 28 U.S.C. § 1446, which Congress amended in 2011 to clarify, among other things, procedures for removing a case where the amount in controversy is initially uncertain. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 (2011). *Cutrone* similarly addressed only the 30-day removal period and made no mention of the one-year limit in 28 U.S.C. § 1446(c)(1). *See* 749 F.3d 137. In sum, the Court is not persuaded that the one-year clock began running on any date other than the date specified explicitly in the statute: the date of the "commencement of the action." 28 U.S.C. § 1446(c)(1).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:  June 5, 2026
Brooklyn, New York

9